UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    Docket No.:
JALA HAYWARD AND SHARAY PAIGE,

          Plaintiffs,  **COMPLAINT**

  -against-

                   **PLAINTIFFS DEMAND**
THE CITY OF NEW YORK AND DETECTIVE TERRY  **A TRIAL BY JURY**
AVENT (SHIELD NUMBER 1029),

         Defendants.
------------------------------------------------------------------------X

  Plaintiffs, JALA HAYWARD AND SHARAY PAIGE, by their attorney, JESSICA MASSIMI, hereby complain of the defendants, upon information and belief, as follows:

## PARTIES, VENUE AND JURISDICTION

1. At all times mentioned herein, plaintiff, Sharay Paige, was an adult female resident of Kings County, in the State of New York.

2. At all times mentioned herein, plaintiff, Jala Hayward, as an adult female resident of Kings County, in the State of New York.

3. At all relevant times mentioned herein, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all times hereinafter mentioned, defendant, Detective Terry Avent (Shield No. 1029), was an adult male employed by the City of New York as a member of the NYPD assigned to the Emergency Services Unit of the NYPD. Defendant Avent is sued herein in his official and individual capacities.

1

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. The plaintiffs timely served Notices of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiffs' Notices of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

## RELEVANT FACTS

10. On December 21, 2018, at about 6:00 a.m. plaintiffs were lawfully present inside 395 Bristol Street, in Kings County (the "premises").

11. At this time, Plaintiff Sharay Paige was asleep and plaintiff Jala Hayward was laying down.

12. Plaintiff Jala Hayward lived at the premises, and Plaintiff Sharay Paige was visiting Ms. Hayward.

13. At this time, defendant Avent and several other members of the NYPD stormed into the premises, did not identify themselves, seized the plaintiffs at gunpoint and arrested them.

14. Defendant Avent and the other members of the NYPD were not invited into the premises nor was their entry consented to by the plaintiffs, or any other individual authorized to so consent.

15. There were no exigent circumstances present that would permit defendant and the NYPD to enter the premises absent a warrant or invitation.

16. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiffs asked why the defendants were inside of the premise.

17. The plaintiffs were handcuffed and searched by the defendants, who then searched the premises.

18. The defendants' search did not reveal and items which would have justified plaintiffs' arrests.

19. The plaintiffs were not involved in any activity which would have justified their arrests, and there in fact existed no probable cause to justify the plaintiffs' arrests.

20. Despite the lack of probable to arrest the plaintiffs, the defendants transported plaintiffs to a local police precinct, where plaintiffs were held for a number of hours before they were sent to Kings County Central Booking, where they were held in custody for an additional period of many hours.

21. Plaintiffs were arraigned on criminal complaints containing false allegations provided by defendant Avent.

22. In support of the criminal complaint for Jala Hayward, defendant Avent made several false allegations, including but not limited to, the following allegations:

> DEFENDANT HAYWARD AND APPREHENDED OTHER (ARREST #K18671251) DID ACT IN CONCERT IN THAT, APPREHENDED OTHER DID FLAIL APPREHENDED OTHER'S ARMS AT INFORMANT AND STRIKE INFORMANT ABOUT THE BODY, WHILE INFORMANT WAS PLACING DEFENDANT HAYWARD AND APPREHENDED OTHER UNDER ARREST.

23. In support of the criminal complaint for Sharay Paige, defendant Avent made several

false allegations, including but not limited to, the following allegations:

> DEFENDANT PAIGE AND APPREHENDED OTHER (ARREST #K18671252) DID ACT IN CONCERT IN THAT, DURING AN OFFICIAL INVESTIGATION PURSUANT TO A SEARCH WARRANT, DEFENDANT PAIGE DID FLAIL DEFENDANT'S [SIC] PAIGE'S ARMS AT INFORMANT AND STRIKE INFORMANT ABOUT THE BODY, AND APPREHENDED OTHER DID JUMP ON INFORMANT'S BACK AND STRIKE INFORMANT ABOUT THE BODY WHILE INFORMANT WAS PLACING DEFENDANT PAIGE AND APPREHENDED OTHER UNDER ARREST.

24. These and other allegations were false and defendant Avent knew they them to be false when he made them.

25. Defendant Avent forwarded these false allegations to the Kings County District Attorney's Office ("KCDA") despite the false nature of the allegations.

26. Plaintiffs were eventually released from custody and forced to return to Court pursuant to the false allegations made by defendant Avent.

27. Plaintiffs' charges were eventually dismissed.

28. At no time did defendants have a legal basis to enter the premises or search anywhere within the premises, nor was it reasonable for the defendants to believe that such a basis existed.

29. At no time did defendants have probable cause to seize, detain or arrest the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

30. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

31. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests

and without legal justification or excuse.

## FIRST CAUSE OF ACTION
### (Section 1983 False Arrest Claim Against the Individual Defendant)

32. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

33. The individual defendant willfully and intentionally seized, searched, detained, and arrested plaintiffs, and caused them to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

34. Plaintiffs had not been engaged in any criminal conduct, nor were they engaged in any conduct that could reasonably be viewed as criminal nor a basis to justify their arrests.

35. Despite the absence of sufficient legal cause, plaintiffs were arrested and jailed.

36. By so doing, the individual defendant subjected plaintiffs to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth Amendment of the United States Constitution.

37. By reason thereof, the individual defendant has violated 42 U.S.C §1983 and caused plaintiffs to suffer the deprivation of their liberty, loss of their constitutional rights, physical injuries, and mental anguish.

## SECOND CAUSE OF ACTION
### (Section 1983 Denial of a Fair Trial Claim Against the Individual Defendant)

38. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

39. The individual defendant willfully and intentionally fabricated evidence by falsely memorializing claims to have witnessed plaintiffs engaging in criminal or unlawful activity, and then forwarded these materially false claims to the Kings County District

Attorneys Office ("KCDA") in order to justify the arrest of plaintiffs, and to justify, bring about and cause plaintiffs to be deprived of their liberty and to be criminally prosecuted.

40. By so doing, the individual defendant subjected the plaintiffs to denial of a fair trial and violation of their right to due process by fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

41. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer the deprivation of their liberty, loss of their constitutional rights, physical injuries, and mental anguish.

### THIRD CAUSE OF ACTION
**(Section 1983 Malicious Prosecution Against the Individual Defendants)**

42. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

43. The individual defendant willfully and intentionally caused plaintiffs to be subjected to criminal prosecution by falsely memorializing claims to have witnessed plaintiffs engaging in criminal or unlawful activity, and then forwarded these materially false claims to the KCDA, which resulted in the KCDA presenting criminal charges against plaintiffs without probable cause for said prosecution.

44. The criminal prosecution caused plaintiffs to suffer a deprivation of liberty before plaintiffs' respective criminal charges were terminated favorably for plaintiffs.

45. By so doing, the individual defendant caused plaintiffs to be maliciously prosecuted, and thereby violated plaintiffs' rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

46. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer the deprivation of their liberty, loss of their constitutional rights, physical injuries, and mental anguish.

**FOURTH CAUSE OF ACTION**
**(Section 1983 Monell Claim Against the Municipal Defendant)**

47. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

48. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

49. Defendant City of New York had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.

50. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

51. Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business

in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

52. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

53. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

54. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

55. All of the acts and omissions by the individual defendant described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

56. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiffs' rights in particular.

57. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

**Fifth Cause of Action**
**(Civil Rights Violations Pursuant to New York State Law)**

58. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

59. Plaintiffs were subjected to false arrest, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

60. At no time did defendants have any legal basis for arresting plaintiffs, subjecting them to prosecution, or commencing criminal process against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

61. The defendants are therefore liable under New York law to plaintiffs for false arrest, malicious prosecution, denial of due process and fair trial.

62. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the individual defendants and the City of New York as follows:

i. actual and punitive damages against the individual defendant in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: New York, New York
January 29, 2020

                                            JESSICA MASSIMI

                              /s/
                        By: _____
                              99 Wall Street, Suite 1264
                              New York, NY 10005
                              646-241-9800
                              Jessica.Massimi@gmail.com